IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN J. WALL
         Petitioner,

vs.                              3:09cv489/RV/MD

RICHARD JOHN ICHIHARA,
         Respondents.

## **REPORT AND RECOMMENDATION**

Plaintiff John J. Wall, a resident of Yigo Guam initiated this case by filing a civil complaint against Richard John Ichihara, whose record address is in Mary Esther, Florida. The complaint was dated October 27, 2009 and was docketed by the clerk on November 2, 2009. A waiver of service was docketed on November 12, 2009. (Doc. 5). This waiver indicated that defendant understood that he must file and serve his answer or motion within sixty days from October 28, 2009, the date when the request was sent. It also indicated defendant's agreement to the court's jurisdiction. The waiver was dated November 6, 2009.

On November 19, 2009, the clerk docketed defendant's pleading entitled "Offer to Allow Judgment to be Taken in accordance with FRCvP Rule 68" (doc. 6). This pleading was dated November 14, 2009 and served on plaintiff Wall in Guam. Also on November 19, 2009, the clerk docketed a "Notice of Acceptance of Offer to Allow Judgment to be Taken in Accordance with FRCvP Rule 68" (Doc. 7). This pleading was signed on

November 16, 2009, just two days after the Offer was purportedly sent to the plaintiff in Guam.[1]

It is an unusual circumstance to have an offer and acceptance filed the same day. Because of this, because a significant sum of money is at issue, and because both parties are unrepresented, the court entered an order directing Mr. Ichihara to file a notarized notice with the court (serving a copy upon Mr. Wall) in which (1) he indicates that he agrees to the entry of judgment as set forth in the offer and (2) he confirms that he was a resident of Mary Esther at the time this action was filed. (Doc. 8). The court received a document entitled "Sworn Affidavit," purportedly from Mr. Ichihara. The document bears a notary seal, although there is no indication whether the notary required that Mr. Ichihara produce identification to verify his identity.

Although the content of the affidavit comported with the court's instruction, comparison of what purports to be Mr. Ichihara's signature on the sworn affidavit (doc. 9) and the "Offer to allow Judgment to be Taken in Accordasnce (sic) with FRCvP Rule 68" (doc. 6) revealed that the two signatures were so dissimilar as to remove any doubt that the documents were signed by different persons. The court thus ruled that no action would be taken on the Offer (doc. 6) and Notice of Acceptance (doc. 7) absent convincing proof of the defendant's identity and acquiescence to the entry of said judgment.

The defendant then filed another sworn affidavit. (Doc. 12). In this affidavit he explained the discrepancy in signatures by stating that he authorized his power of attorney to sign the Offer for him, although there was no indication on the Offer that it had been signed by anyone other than the defendant. Mr. Ichihara further stated that he "continue[s] in full, unconditional agreement with all of the elements contained in this document that I (sic) executed."

On January 5, 2010, this court entered an order indicating that it had made reasonable inquiry in an attempt to verify and protect the interests of the unrepresented defendant, and finding that no further inquiry or delay is necessary. It directed that

---

[1] The Notice of Acceptance also bears an execution date of November 13, 2009, the day before the offer was purportedly made.

*Case No: 3:09cv489/RV/MD*

judgment be entered, and this was done.[2] This order, however, was improvidently entered, as the undersigned does not have jurisdiction to direct the entry of final judgment absent consent of the parties. See 28 U.S.C. § 636. Thus, an order vacating the order directing entry of judgment was entered (doc. 16), and this recommendation follows.

Accordingly, it is respectfully RECOMMENDED:

The clerk be directed to enter judgment in accordance with the terms set forth in the accepted offer (doc. 6) pursuant to Rule 68(a) of the Federal Rules of Civil Procedure.

DONE AND ORDERED this 25th day of March, 2010.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

---

[2] The judgment that was entered did not address the 6 terms of the Offer that related to chattel, rather than money damages, but the plaintiff did not object.

*Case No: 3:09cv489/RV/MD*